**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ALVARO GONZALEZ-MONTERROSO,
AKA Alvaro Gonzalez,
*Defendant-Appellant*.

No. 12-10158

D.C. No.
4:10-cr-02123-
DCB-JJM-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
October 10, 2013—San Francisco, California

Filed February 14, 2014

Before: J. Clifford Wallace, Milan D. Smith, Jr.,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta;
Concurrence by Judge Wallace

## SUMMARY[*]

### Criminal Law

The panel reversed the district court's determination that the defendant's prior Delaware conviction for attempted rape in the fourth degree was a "crime of violence" warranting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), and remanded for resentencing.

The panel held that because Delaware's statutory definition of "substantial step" is materially different from and encompasses more conduct than the federal generic definition, the Delaware attempt statute criminalizes more conduct than the federal generic attempt definition, and the defendant's prior state conviction therefore does not qualify as a federal generic attempt offense under the *Taylor* categorical approach.

The panel held that the modified categorical approach is not available because whatever the underlying facts or the evidence presented, the defendant would not have been convicted of an offense with the same elements as an attempted crime of violence.

Concurring, Judge Wallace wrote that because the defendant's underlying offense does not meet the generic definitions proposed by the government, the panel should reverse the sentence without determining whether the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant committed the elements of the generic definition of attempt, which requires answering a question reserved by the Supreme Court.

## COUNSEL

Roger H. Sigal, Law Offices of Roger H. Sigal, Tucson, Arizona, for Defendant-Appellant.

Erica Anderson McCallum (argued), Assistant United States Attorney; John S. Leonardo, United States Attorney; Robert L. Miskell, Appellate Chief, United States Attorney's Office, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

IKUTA, Circuit Judge:

This appeal raises the question whether Delaware's criminal attempt statutes, *see* Del. Code Ann. tit. 11, §§ 531(2), 532, constitute a federal generic attempt crime for purposes of imposing an enhancement under the U.S. Sentencing Guidelines. Because we conclude that Delaware's definition of "attempt" criminalizes more conduct than the federal generic definition, we conclude that the district court erred in imposing the enhancement.

I

On August 4, 2011, Alvaro Gonzalez-Monterroso pleaded guilty to one count of illegal reentry, pursuant to 8 U.S.C. § 1326, in the District of Arizona. Gonzalez claims that the

district court erred in determining that his prior state court conviction for attempted rape in the fourth degree, under Del. Code Ann. tit. 11, §§ 531, 532, 770, qualified as a "crime of violence" warranting a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) of the federal Sentencing Guidelines.

To analyze this appeal, we first set forth the statutory framework. The Sentencing Guidelines impose a base offense level of 8 for an alien convicted of unlawful reentry in violation of 8 U.S.C. § 1326. *See* U.S.S.G. § 2L1.2(a). If the defendant has a prior felony conviction that qualifies as a "crime of violence," the Guidelines provide for a 16-level enhancement. *Id.* § 2L1.2(b)(1)(A)(ii).[1]  A "crime of violence" is defined to include a range of offenses, including "statutory rape" and "sexual abuse of a minor."[2]  *Id.* § 2L1.2

---

[1] Section 2L1.2(b)(1) of the U.S. Sentencing Guidelines states, in pertinent part:

> If the defendant previously was deported, or unlawfully remained in the United States, after—
>
> (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase [the offense level] by 16 levels . . . .

U.S.S.G. § 2L1.2(b)(1).

[2] The first application note to § 2L1.2 provides in relevant part:

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson,

cmt. n.1(B)(iii).  A prior conviction for an attempt to commit a state offense also constitutes a "crime of violence" if the completed offense qualifies as a "crime of violence" in its own right.  *Id.* § 2L1.2 cmt. n.5; *see also United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009).

To determine whether a prior state court conviction constitutes a "crime of violence" warranting a 16-level enhancement, a sentencing court must employ the approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). First, the court compares the elements of the state statute of conviction with the federal generic definition of the crime. *United States v. Velasquez-Bosque*, 601 F.3d 955, 957–58 (9th Cir. 2010).   Where the federal generic offense encompasses numerous crimes, as is the case with the "crime of violence" offense, the court must compare the crime of conviction with each of the crimes falling within that offense category.  *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013); *see also Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).

If the defendant is convicted of an attempt crime, a sentencing court must determine: "whether the defendant's conviction establishes that he committed the elements of the generic definition of 'attempt' *and* that the underlying offense he attempted meets the generic definition of that offense." *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th

---

extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Cir. 2012). If the state attempt statute criminalizes more conduct than the federal generic definition of "attempt," a state attempt crime does not categorically constitute a generic federal attempt crime. If the state attempt statute is a categorical match for the federal generic definition of "attempt," then the court must proceed to determine whether the state crime of conviction for the underlying offense is a categorical match for any of the federal generic offenses that are listed as crimes of violence. *See id.* In sum, in dealing with attempt crimes, the district court can impose the 16-level enhancement under § 2L1.2(a) only if both the state's definition of "attempt" and the underlying state offense are categorical matches for the federal generic "attempt" definition and the underlying federal generic offense.

Where the state statute of conviction criminalizes more conduct than the federal generic offense, the sentencing court may apply a modified categorical approach in a "'narrow range of cases.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283–84 (2013) (quoting *Taylor*, 495 U.S. at 602); *see also United States v. Acosta-Chavez*, 727 F.3d 903, 907 (9th Cir. 2013). As *Descamps* recently clarified, application of the modified categorical approach is appropriate only where the state criminal statute is divisible. 133 S. Ct. at 2283–85. "[D]ivisibility exists only when an element of the crime of conviction contains alternatives, one of which is an element of its federal analogue." *Acosta-Chavez*, 727 F.3d at 909 (citing *Descamps*, 133 S. Ct. at 2283–84). For example, if a state statute prohibits breaking and entering in any of four alternative places (a building, ship, vessel, or vehicle) and only one of these alternatives (breaking into a building) qualifies as the federal generic offense of burglary, then a court may consider whether the defendant's conviction was based on unlawful entry into a building. *See Descamps*,

133 S. Ct. at 2284 (discussing *Shepard v. United States*, 544 U.S. 13 (2005)).  In making this determination, the court may consider a limited class of judicially noticeable documents to determine whether the applicable alternative (i.e., breaking into a building, rather than a vehicle, in the example given in *Descamps*) was the basis of the conviction. *See United States v. Snellenberger*, 548 F.3d 699, 701–02 (9th Cir. 2008) (en banc) (per curiam), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 979 (9th Cir. 2012) (en banc).  Applied in this manner, the modified categorical approach "merely helps implement the categorical approach" by identifying the specific statutory elements of the conviction to compare to the generic offense. *Descamps*, 133 S. Ct. at 2285.

We apply the same modified categorical analysis in cases where the defendant was convicted of an attempt crime, if the state attempt statute is divisible and some of the alternative definitions of "attempt" do not categorically match the federal generic definition of "attempt."  In such a case, the sentencing court may determine, based on judicially noticeable documents, whether the defendant was convicted of a statutory definition of "attempt" that meets the federal generic definition. *See id.*

II

We now turn to the facts of this case.  Gonzalez was born in 1981 in Guatemala.  At the age of 19, he entered the United States illegally.  He eventually settled in Delaware, where he resided for almost a decade.

In January 2010, Gonzalez pleaded guilty in Delaware state court to attempted rape in the fourth degree, in violation of section 770 of the Delaware Criminal Code.[3]

---

[3] At that time, section 770 of the Delaware Criminal Code stated in pertinent part:

> (a) A person is guilty of rape in the fourth degree when the person:
>
>> (1) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's sixteenth birthday; or
>>
>> (2) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's eighteenth birthday, and the person is 30 years of age or older, except that such intercourse shall not be unlawful if the victim and person are married at the time of such intercourse; or
>>
>> (3) Intentionally engages in sexual penetration with another person under any of the following circumstances:
>>
>>> a. The sexual penetration occurs without the victim's consent; or
>>>
>>> b. The victim has not reached that victim's sixteenth birthday; or
>>
>> (4) Intentionally engages in sexual intercourse or sexual penetration with another person, and the victim has reached that victim's sixteenth birthday but has not yet reached that victim's eighteenth birthday and the defendant stands in a position of trust, authority or supervision over the child, or is an invitee or designee of a person who stands in a

At a sentencing hearing on January 4, 2010, the state prosecutor briefly described the allegations supporting Gonzalez's conviction. The victim "was 14 years old, the defendant was driving her home from church. He drove past her house, pulled onto the shoulder of the road, began rubbing on her thigh, tried to kiss her, and asked her to have sex with him." Gonzalez was 28 years old at the time of the incident.

Shortly after the court entered judgment in the Delaware proceeding, the government deported Gonzalez to his native Guatemala. He spent several months outside the United States. On July 26, 2010, Gonzalez was arrested in Arizona by U.S. Border Patrol agents. He was indicted on one count of illegal reentry under 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(2)), and subsequently pleaded guilty to this charge.

In calculating Gonzalez's total offense level under the Sentencing Guidelines, the Presentence Investigation Report (PSR) imposed a 16-level enhancement under § 2L1.2(b)(1)(A) on the ground that Gonzalez had previously been deported after a conviction for attempted fourth degree rape, which the PSR determined was a "crime of violence." In reaching this conclusion, the PSR first acknowledged that the state statute of conviction, section 770, was not a categorical match to any federal generic "crime of violence," because section 770 criminalized sexual offenses when the sexual intercourse was consensual and the victim was 17 years of age. Notwithstanding the lack of a categorical match

---

position of trust, authority or supervision over the child.

Del. Code Ann. tit. 11, § 770(a) (1998).

between the prior state conviction and the federal generic crime of violence offense, the PSR then applied the modified categorical approach.  Because documents in the record established that Gonzalez was 28 and the victim was 14 at the time of the state offense, the PSR concluded that Gonzalez had been convicted of a state offense that qualified as "sexual abuse of a minor," which is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A).

Gonzalez objected to this conclusion on the ground that his prior state conviction did not qualify as a crime of violence even under the modified categorical approach.  He argued (among other reasons) that he had been convicted of an "attempt" crime, and Delaware's definition of "attempt" criminalized more conduct than the federal generic attempt offense.

At the sentencing hearing, the district court rejected Gonzalez's objections.  Because the district court did not have the benefit of the Supreme Court's decision in *Descamps*, it followed the PSR in its application of the modified categorical approach.  Relying on the judicially noticeable documents in the record, the district court determined that Gonzalez had been 30 years of age, and his victim had been 14 at the time of the state offense, which supported the conclusion that Gonzalez had been convicted of a crime of violence warranting a 16-level enhancement. Accordingly, the district court adopted the PSR's guidelines calculation and the corresponding guidelines range of 51 to 63 months imprisonment.

III

On appeal, Gonzalez claims that his state court conviction for attempted rape in the fourth degree under section 770 of the Delaware Criminal Code does not constitute a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A) under either a categorical or modified categorical approach. We review de novo the district court's determination that a prior conviction constitutes a crime of violence. *Gomez-Hernandez*, 680 F.3d at 1174.

Analyzing this claim requires us to first determine whether Delaware's attempt statute is a categorical match for the federal definition of "attempt." *Id.* at 1175. We have defined "attempt" as requiring "[1] an intent to commit" the underlying offense, along with "[2] an overt act constituting a substantial step towards the commission of the offense." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1100 (9th Cir. 2011) (alterations in original); *see also United States v. Rivera-Ramos*, 578 F.3d 1111, 1113–14 (9th Cir. 2009). "'Mere preparation' to commit a crime 'does not constitute a substantial step.'" *Hernandez-Cruz*, 651 F.3d at 1102 (quoting *United States v. Buffington*, 815 F.2d 1292, 1301 (9th Cir. 1987)). A substantial step occurs when a defendant's "actions 'unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances.'" *Id.* (alteration in original) (quoting *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) (per curiam)). "Even when the defendant's intent is clear, his actions must cross the line between preparation and attempt . . . ." *United States v. Yossunthorn*, 167 F.3d 1267, 1271 (9th Cir. 1999) (internal quotation omitted). In *Yossunthorn*, for instance, we reversed a defendant's conviction for attempted possession of heroin with intent to distribute because there

was insufficient evidence to show that the defendant had taken a substantial step toward completing the violation. *Id.* at 1270–71. The evidence established that the defendant had tried to schedule a meeting with a heroin dealer at a local McDonald's in order to make a purchase, and had conducted countersurveillance in the restaurant parking lot to detect law enforcement activity. *Id.* at 1269. While there was "no question that there was sufficient evidence that [the defendant] intended to possess heroin with intent to distribute," *id.* at 1270, we held that the defendant's act of surveying the McDonald's was not a substantial step because it "did not constitute an appreciable fragment of the crime of drug possession with intent to distribute," *id.* at 1272 (internal quotation omitted). Nor did making an appointment to purchase the heroin constitute a substantial step, because the defendant "had not agreed to purchase any particular quantity of heroin or arranged for its delivery." *Id.* at 1273.

We next compare this federal generic definition of "attempt" to the Delaware definition of "attempt" for purposes of its state attempt crimes. Under Delaware law, a person is guilty of an attempt crime if that person either "[i]ntentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be," Del. Code Ann. tit. 11, § 531(1), or if the person "[i]ntentionally does or omits to do anything which, under the circumstances as the person believes them to be, is a substantial step in a course of conduct planned to culminate in the commission of the crime by the person," *id.* § 531(2).

For purposes of section 531(2), Delaware defines a "substantial step" as "an act or omission which leaves no reasonable doubt as to the defendant's intention to commit

the crime which the defendant is charged with attempting." *Id.* § 532.  In light of this statutory definition, we conclude that Delaware's "attempt" crimes criminalize more conduct than generic federal attempt offenses.  While section 532 is satisfied by proof of an act demonstrating the defendant's intent to commit a crime, this is not enough under the federal definition; even when the defendant's intent is clear, only acts which "unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances" suffice. *Hernandez-Cruz*, 651 F.3d at 1102 (quoting *Goetzke*, 494 F.3d at 1237).  This means that under Delaware law, a defendant could be held liable for an attempt due to "mere preparation" or other preliminary acts not "of *such substantiality* that, unless frustrated, the crime would have occurred," *Saavedra-Velazquez*, 578 F.3d at 1107 (internal quotation omitted), which would not constitute an attempt for purposes of federal criminal law.

Delaware courts recognize the breadth of the statutory definition of "substantial step."   As explained by the Delaware Supreme Court, the definition of "substantial step" is "'without precedent in other statutes'" because it focuses on the defendant's intent rather than on whether the defendant has taken an overt act that qualifies as a substantial step. *See Gronenthal v. State*, 779 A.2d 876, 880 (Del. 2001) (quoting Del. Crim. Code with Commentary § 532, at 156–57 (1973)). In *Gronenthal*, for instance, the defendant argued that he could not be found guilty of an attempt crime because even though "the State presented substantial evidence of his 'intent' to commit murder," the state "failed to establish sufficient evidence that he *acted* on that intent, so as to constitute a 'substantial step' toward attempting to murder" the victim. *Id.*  The Delaware Supreme Court rejected this argument, explaining that Delaware had deliberately rejected

the Model Penal Code's definition of a "substantial step," and adopted an innovative definition that would allow the jury to decide "'the point at which there remains no reasonable doubt as to [the defendant's] intention to commit the crime.'" *Id.* (quoting Del. Crim. Code with Commentary § 532, at 156–57). Accordingly, "[t]he law of 'attempts' under the [Delaware] Criminal Code 'seeks to prevent even the *preparations* from crime by threatening punishment prior to the completion of the crime.'" *Hassan-El v. State*, 911 A.2d 385, 392 (Del. 2006) (emphasis added) (quoting Del. Crim. Code with Commentary § 531, at 151). Because Delaware courts have not narrowed the breadth of section 532, we need not reach the question expressly reserved by *Descamps*, "whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it." 133 S. Ct. at 2291.[4]

Because Delaware's statutory definition of "substantial step" is materially different from and encompasses more conduct than the federal generic definition, the Delaware attempt statute criminalizes more conduct than the federal generic attempt offense. Therefore, Gonzalez's prior state conviction for an attempt offense (attempted rape in the fourth degree) does not qualify as a federal generic attempt offense under the *Taylor* categorical approach.

---

[4] In any event, contrary to the concurrence's suggestion, we declare no new principle of law by considering the Delaware Supreme Court's explanation of Delaware state law. It is well established that when "determining the categorical reach of a state crime, we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions." *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006).

The government argues that we may nevertheless conduct a modified categorical analysis of the Delaware attempt statute.  Under the modified categorical approach, the government argues, we can take note of Gonzalez's admission in the change of plea hearing that he rubbed the victim's thigh, attempted to kiss her, and asked her to have sex with him.  According to the government, this shows both Gonzalez's specific intent to engage in sex with the victim and an overt act which was a substantial step toward committing the crime.

We disagree, because the modified categorical approach is not available in this context.  Under *Descamps*, we may apply the modified categorical approach only to state statutes that are divisible, meaning they set forth alternative ways to commit an offense.  133 S. Ct. at 2283–85.  Here, while Delaware's Criminal Code offers two alternative ways a person could be guilty of attempting to commit a crime, the first alternative, section 531(1) (engaging in conduct that would be criminal if the circumstances were as the defendant believed them to be) is inapplicable in this case, and the second alternative, section 531(2), criminalizes more conduct than the federal attempt statute, and is not itself divisible. Whatever the underlying facts or the evidence presented, Gonzalez still would not have been convicted of an offense with the same elements as an attempted crime of violence. *Id.* at 2290.

Because Gonzalez's attempt crime does not qualify as a federal generic attempt crime for purposes of § 2L1.1(b)(1)(A), we conclude that the district court erred in adding a 16-level enhancement.  Accordingly, we need not address Gonzalez's arguments regarding the substantive statute of conviction or his arguments that his sentence was

procedurally and substantively unreasonable. We reverse and remand for re-sentencing consistent with this opinion.

## REVERSED AND REMANDED

WALLACE, Circuit Judge, concurring:

Recently, the Supreme Court expressly reserved "the question whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it." *Descamps v. United States*, 133 S. Ct. 2276, 2291 (2013). As a matter of judicial restraint, we should not declare a principle of law unless we must. *Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Missouri*, 361 U.S. 363, 367 (1960) ("the duty of this Court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it") (citation omitted). Thus, if the Supreme Court has expressly reserved a question, and we can resolve an appeal without addressing that question, principles of judicial restraint direct us to resolve the appeal on a different ground.

The majority recognizes that the Supreme Court has reserved whether sentencing courts should look to state judicial rulings interpreting the state's criminal statutory law. *Supra* at 14 (citing *Descamps*). The majority states that they are not answering that reserved question, but they do analyze decisions of the Delaware Supreme Court about the definition of "attempt" under Delaware law. *Supra* at 13–14.

Regardless of whether the majority declares a "new" principle of law, *supra* at 14 n.4, in my view there is no need to even address the question the Supreme Court reserved. As the majority recognizes, where a defendant has been convicted of an attempt crime, the "crime of violence" sentencing enhancement can only be applied if "the defendant's conviction establishes that he committed the elements of the generic definition of 'attempt' *and* that the underlying offense he attempted meets the generic definition of that offense." *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1175 (9th Cir. 2012). Gonzalez's underlying offense does not meet the generic definitions proposed by the government. Therefore, the district court improperly assessed the 16-level enhancement, and we should reverse the sentence without determining whether he committed the elements of the generic definition of attempt, which requires answering the question reserved by the Supreme Court in *Descamps*.

Gonzalez pleaded guilty to attempted rape in the fourth degree in Delaware in 2009. At the time of conviction, rape in the fourth degree was defined in the Delaware Criminal Code as occurring when a person:

> (1) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's sixteenth birthday; or

> (2) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's eighteenth birthday, and the person is 30 years of age or older, except that such intercourse shall not be

unlawful if the victim and person are married at the time of such intercourse; or

(3) Intentionally engages in sexual penetration with another person under any of the following circumstances:

a. The sexual penetration occurs without the victim's consent; or

b. The victim has not reached that victim's sixteenth birthday; or

(4) Intentionally engages in sexual intercourse or sexual penetration with another person, and the victim has reached that victim's sixteenth birthday but has not yet reached that victim's eighteenth birthday and the defendant stands in a position of trust, authority or supervision over the child, or is an invitee or designee of a person who stands in a position of trust, authority or supervision over the child.

Del. Code Ann. tit. 11, § 770(a) (1998) (section 770). The government argues that Gonzalez was convicted of a "forcible sex offense" "where consent to the conduct is not given or is not legally valid," or "statutory rape," which are both specifically enumerated examples of crimes of violence in the Sentencing Guidelines. U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).[1]  Under our recent precedent, it is clear that both

---

[1] The government argued before the district court that section 770 was a forcible sex offense, statutory rape, or sexual abuse of a minor. The district court applied the crime of violence enhancement, but did not

arguments are untenable under either the categorical or modified categorical approaches.

The government argues that because Gonzalez's victim was under the age of 16, she "was legally unable to give consent" under Delaware law, and under a plain reading of the Sentencing Guidelines, his sex offense conviction was forcible. As of the date of argument in this case, whether a sex crime where the victim could not consent due to age is necessarily a forcible sex offense remained an open question in this Circuit. *Compare United States v. Banos-Mejia*, 2013 WL 1613222, at *2 (9th Cir. Apr. 16, 2013) (unpub.) (a conviction for a sexual offense when the victim "is not legally competent to consent because of her age . . . constitutes a 'forcible sex offense' and, therefore, it categorically qualifies as a 'crime of violence'"), *withdrawn on denial of reh'g en banc*, 2013 WL 4038591 (9th Cir. July 19, 2013) *with United*

---

clearly rule on which generic offense Gonzalez committed. In his opening brief, Gonzalez argued that his conviction does not match generic statutory rape or sexual abuse of a minor. The government failed to defend explicitly the district court on either ground in its answering brief, arguing only that Gonzalez was convicted of a forcible sex offense. The government first argued that Gonzalez was convicted of generic statutory rape in a footnote in its letter response to our August 8, 2013 order requesting further briefing regarding *Descamps*.

The government's failure to raise this argument in its answering brief may mean that it has been waived. *See United States v. Caceres-Olla*, 738 F.3d 1051, 1054 n.1 (9th Cir. 2013) ("The government did not respond to this argument [raised by the defendant], and so has waived reliance on that 'crime of violence' variant"). I consider whether the Delaware statute is generic statutory rape for the sake of clarity. The government has never argued before this court that Gonzalez was convicted of sexual abuse of a minor, so that argument is clearly waived and I do not consider it.

*States v. Gonzalez-Aparicio*, 663 F.3d 419, 437 n. 5 (9th Cir. 2011) (Tashima, J., dissenting) ("But [the government's] reading would render the term 'statutory rape' superfluous: if statutory rape crimes are 'forcible sex offenses' simply because the minor's consent is invalid under state law, then why does the commentary list statutory rape separately?")

This is no longer an open question.  Not all convictions for sexual conduct with minors are "forcible sex offenses." *Caceres-Olla*, 738 F.3d at 1056.  The Sentencing Guidelines commentary lists three separate categories of sex crimes: "forcible sex offenses," "statutory rape," and "sexual abuse of a minor."  U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).  Sexual conduct with minors, regardless of whether the victim in fact consents, is a crime normally called "statutory rape." *Caceres-Olla*, 738 F.3d at 1055.  If all sex offenses based solely on the fact that the victim is unable to consent under law because of age are "forcible sex offenses," the separately enumerated category of "statutory rape" in the Guidelines commentary would be superfluous. *Id.* at 1055–56.  Thus, "[i]f all sex offenses 'where consent . . . is not legally valid' on the basis of age are, by definition, 'forcible,' there would be no need to separately enumerate 'statutory rape.'" *Id.* at 1056.  We must interpret statutes to give effect to all provisions and not render any part surplussage. *Id.* Therefore, a sex offense against a minor is not automatically a "forcible sex offense," because such crimes are usually called "statutory rape," a separate category.  A crime is only a "forcible sex offense" under the Sentencing Guidelines if the crime involves "actual compulsion." *Id.* at 1057, *quoting United States v. Rangel-Castaneda*, 709 F.3d 373, 380 (4th Cir. 2013).

At one point in its brief, the government suggests that the police report from Gonzalez's arrest shows he actually compelled his victim. But the sentencing court could not consider the police report, because the report was not incorporated by reference in the plea agreement for Gonzalez's conviction, nor stipulated to by Gonzalez's attorney during the plea colluquy. *See United States v. Almazan-Becerra*, 537 F.3d 1094, 1098 (9th Cir. 2008).

Further, the Delaware courts themselves call section 770 a law barring "statutory rape."[2] *See Pritchard v. State*, 842 A.2d 1244, 2004 WL 249419, at *1 (Del. Feb. 4, 2004) (unpub.) (calling a crime under section 770 "statutory rape"); *see also State v. Waters*, 2008 WL 4382801, at *1 (Del. Supr. Ct. May 30, 2008) (calling offenses under section 770 "statutory rape"). Thus, Gonzalez's conviction should not be considered a forcible sex offense.

There is nothing in the record properly subject to judicial notice to indicate that Gonzalez actually compelled his victim. The government has instead consistently argued his crime was a forcible sex offense solely because of the victim's age. That argument is foreclosed by *Caceres-Olla*. Gonzalez was not convicted of a generic "forcible sex offense."

The government alternatively argues that Gonzalez was convicted of generic "statutory rape." The generic definition of that crime was somewhat unclear until recently, but we

---

[2] Unlike the majority, I cite to Delaware case law only to buttress my conclusion. As stated, "forcible sex offenses" do not include offenses based solely on a victim's age because of a simple interpretation of federal law, not state judicial rulings.

have now resolved any confusion. "Statutory rape" has four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *United States v. Gomez*, 732 F.3d 971, 988 (9th Cir. 2013). In *Gomez*, we rejected the government's argument that the generic definition does not include that four-year age differential. *Id.* at 988 n.18.

As the government admits, Gonzalez's prior conviction fell under either subsections 770(a)(1) or (a)(3). Neither subsection requires a four-year age differential between the defendant and victim, and both are therefore broader than the generic federal definition of statutory rape. Delaware does create an affirmative defense to a prosecution under section 770 if the defendant "is no more than 4 years older than the victim," but that is an affirmative defense, not an element of the crime. Del. Code Ann. tit. 11, § 762. The sentencing court could not have concluded that Gonzalez was convicted of one of the elements of the generic offense of "statutory rape," so Gonzalez was not convicted of such a crime.

There is no need to determine whether section 770 is divisible, because Gonzalez could not have been convicted of either a forcible sex offense or statutory rape under the Sentencing Guidelines, and thus did not commit a crime of violence under either the categorical or modified categorical approach.

Our recent decisions in *Caceres-Olla* and *Gomez* clearly foreclose the government's arguments. Instead of looking to those decisions, which provide the "best and narrowest ground available," the majority improperly answers an unnecessary question. *See Air Courier Conf. of Am. v. Am.*

*Postal Workers Union AFL-CIO*, 498 U.S. 517, 531 (1991) (Stevens, J., concurring).    On the basis of our recent precedent, rather than unnecessary resolution of the reserved issue stated in *Descamps*, I concur with the majority result that the district court erred in applying the 16-level crime of violence enhancement, and agree that we must reverse and remand for re-sentencing.