PAEZ, Circuit Judge,
dissenting.
I respectfully dissent. The majority attempts to distinguish United States v. Garcia-Santana, 774 F.3d 528 (9th Cir.2014), and to sidestep the Taylor[1] categorical approach to hold that a conspiracy conviction under 21 U.S.C. § 846 qualifies categorically as a drug trafficking offense, warranting the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(l)(A)(i). Because I would follow Garcia-Santana, I would hold that where a prior conspiracy conviction under § 846 does not require proof of an overt act, it does not qualify categorically as a drug trafficking offense for purposes of the § 2L1.2(b)(l)(A)(i) enhancement. I therefore would vacate the district court’s sentence, and remand for consideration of whether Rivera-Constantino’s prior conviction under § 846 warrants an eight-level enhancement under U.S.S.G. § 2L1.2(b)(l)(C) as an aggravated felony for “illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18),” 8 U.S.C. § 1101(a)(43)(B).
1. The majority recognizes that we already have defined the generic offense of conspiracy, Maj. Op. at 903 (citing Garcia-Santana, 774 F.3d 528), but seeks to avoid applying that definition outside the Immigration and Nationality Act (“INA”) context. The majority, however, fails to distinguish meaningfully the U.S.S.G. § 2L1.2(b)(l)(A)(i) and cmt. n.5 enhancement here from the INA provision interpreted in Garciar-Santana, 8 U.S.C. § 1101(a)(43)(U). Both refer to a class of prior convictions, both refer generically to conspiracy, and both capture for enhancement purposes or collateral consequences prior offenses under federal or state law. Under the INA, “ ‘aggravated felony’ means ... an attempt or conspiracy to commit an offense described in [§ 1101(a)(43)].” § 1101(a)(43)(U). “The term applies to an offense described in th[at] paragraph whether in violation of Federal or State law....” § 1101(a)(43). *907 And “aggravated felony” includes the offense of “illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).” § 1101(a)(43)(B).
Reading that INA provision side-by-side with U.S.S.G. § 2L1.2(b)(l)(A)(i) and cmt. n.5 belies the majority’s view that the provisions are “matei’ially different,” Maj. Op. at 906. Application Note 5 for § 2L1.2 explains: “Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses.” § 2L1.2 cmt. n.5. In turn, subsection (b)(1) refers, in relevant part, to a class of prior convictions: “ ‘Drug trafficking offense’ means an offense under federal, state, or local law that prohibits ... the possession of a controlled substance ... with intent to ... distribute, or dispense.” § 2L1.2 cmt. n.l(B)(iv). The majority says the two provisions are “materially different,” Maj. Op. at 906, but offers no analysis to demonstrate how we should reach that essential conclusion in this case involving an enhancement that refers to generic conspiracy and captures a class of prior convictions.
2. Next, the majority disregards our established rule of applying “the categorical and modified categorical approaches described in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to determine whether a defendant’s prior conviction satisfies U.S.S.G. § 2L1.2(b)(l)(A),” United States v. Torre-Jimenez, 771 F.3d 1163, 1165 (9th Cir.2014) (quoting United States v. Leal-Vega, 680 F.3d 1160, 1163 (9th Cir.2012)) (quotation marks omitted). “We derive the meaning of an enumerated Guidelines crime not from the offense’s ordinary meaning but rather by surveying the Model Penal Code and state statutes to determine how they define the offense.” United States v. Esparza-Herrera, 557 F.3d 1019, 1022 (9th Cir.2009) (per curiam). In Garcia-Santana, we applied “the methodology prescribed by the Supreme Court for defining generic offenses for categorical purposes,” to determine that “the generic federal definition of conspiracy, codified at 8 U.S.C. § 1101(a)(43)(U), conditions conviction on performance of an overt act in pursuit of the conspiratorial objective.” 774 F.3d at 534 (footnote omitted). Because § 2L1.2(b)(l)(A)(i) captures prior federal, state, and local offenses for purposes of sentence enhancement and because the text of Application Notes l(B)(iv) and 5 under § 2L1.2 are not materially distinct from the text interpreted in Garciar-Santana, I would conclude that a prior conviction for conspiracy must have an overt act element to qualify categorically as a drug trafficking offense under § 2L1.2(b)(l)(A)(i).
We already have applied this approach to U.S.S.G: § 2L1.2(b)(l)(A). In addition to conspiracy, Application Note 5 includes certain prior attempt offenses. See § 2L1.2 cmt. n.5. And “in dealing with attempt crimes, the district court can impose the 16-level enhancement under § 2L1.2(a) only if both the state’s definition of ‘attempt’ and the underlying state offense are categorical matches for the federal generic ‘attempt’ definition and the underlying federal generic offense.” United States v. Gonzalez-Monterroso, 745 F.3d 1237, 1240 (9th Cir.2014) (emphasis added). Notably, in defining “attempt,” Gonzalez-Monterroso cited the definition of “attempt” set forth in an INA case involving 8 U.S.C. § 1101(a)(43)(G) & (U). See 745 F.3d at 1243; Hernandez-Cruz v. Holder, 651 F.3d 1094, 1100 (9th Cir. *908 2011).[2] The majority recognizes the generic definition of conspiracy as explained in Garcia-Santana, Maj. Op. at 903, but the majority today carves out “conspiracy” from “attempt.” Stating that “the [INA or Garcia-Santana] context is entirely different,” Maj. Op. at 906, does not address the precedent that should guide our interpretation of the conspiracy provision in § 2L1.2 cmt. n.5.
3. The majority in footnote 4 states that its holding is a narrow one, but U.S.S.G. § 2L1.2 refers collectively to federal, state, and local predicate offenses without distinguishing federal from state or local offenses. The majority also relies on a Fifth Circuit opinion, United States v. Rodriguez-Escareno, 700 F.3d 751 (5th Cir.2012), and an unpublished Sixth Circuit memorandum, United States v. Sanbria-Bueno, 549 Fed.Appx. 434 (6th Cir.2013) (unpublished), that followed the Fifth Circuit’s reasoning. But the Fifth Circuit since has called into question a footnote nearly identical to the majority’s footnote 4. See United States v. Pascacio-Rodriguez, 749 F.3d 353, 367 (5th Cir.2014).[3] “[Tjhere is no basis for concluding that the Sentencing Commission intended to create a dichotomy in § 2L1.2 between conspiracy convictions under federal law and conspiracy convictions under state law.” Id. Thus, the majority leaves to future cases the unenviable task of divining how to make today’s holding a narrow one.[4]
4. Separately, because Congress used the word “conspiracy” both for crimes with an overt act element and for others without such an element, our case law that recognizes when Congress “has already supplied [a federal definition],” Maj. Op. at 904 (quoting Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir.2008) (en banc))[5], is inapposite. Congress has not supplied a single set of elements that define “conspiracy” for us to use in interpreting U.S.S.G. § 2L1.2 cmt. n. 5. Compare 21 U.S.C. § 846 (not requiring an overt act) with 18 U.S.C. § 371 (requiring an overt act). “Parallel federal crimes are probative, but not independently determinative, of the contemporary, generic defini *909 tion of an offense.” Garcia-Santana, 774 F.3d at 535.
Focusing on what the majority considers the “overwhelmingly likely” intention of the Sentencing Commission “at least with regards to federal drug trafficking conspiracies,” Maj. Op. at 904, disregards Garcia-Santana and the structure of the Sentencing Guidelines. Both require us to determine and apply the generic meaning of “conspiracy.” See Garcia-Santana, 774 F.3d at 535-37 (focusing on “the generic definition of conspiracy”); U.S.S.G. § 2L1.2(b)(l)(A) & cmt. n.5 (requiring application of “conspiring” to not only federal, state, and local drug trafficking offenses, but also to crimes of violence, firearms offenses, child pornography offenses, national security offenses, human - trafficking offenses, and alien smuggling offenses).[6] Although the categorical approach at times is underinclusive, cf Garcia-Santana, 774 F.3d at 539, we are obligated to follow Taylor, Garcia-Santana, and other relevant precedent in interpreting the enhancement provisions in § 2L1.2, including conspiracy offenses. Garcia-Santana defined generic federal conspiracy, and, I would apply it here.
Further, the majority cites United States v. Shabani 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed:2d 225 (1994), to buttress its holding. However, we already have distinguished Shabani as one of “a line of Supreme Court cases interpreting ‘conspiracy’ as used in specific federal criminal statutes, rather than in the generic federal conspiracy statute.” Garcia-Santana, 774 F.3d at 537 (citing Shabani among other cases). “[T]hose cases explain how courts should interpret federal statutes criminalizing conspiracies.” Id. at 538. But provisions that assign “collateral consequences ... to convictions from all jurisdictions, not merely to federal convictions,” id., are distinct.
5. Finally, following Garcia-Santana and Taylor yields a result consistent with the purpose and structure of the Sentencing Guidelines. First, a prior conspiracy conviction that lacks an overt act requirement still may constitute an aggravated felony and trigger an eight-level enhancement under U.S.S.G. § 2L1.2(b)(l)(C), alleviating concerns about underinclusiveness. See Garcia-Santana, 774 F.3d at 539 n. 9; § 2L1.2(b)(l)(C) (“a conviction for an aggravated felony, increase by 8 levels”). Second, reading in context other references in the Guidelines to “conspiracy” demonstrates that they are meaningfully distinct from § 2L1.2(b)(l)(A)(i). The majority cites U.S.S.G. § 2D1.1, “Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy,” and U.S.S.G. § 2X1.1, “Attempt, Solicitation, or Con *910 spiracy (Not Covered by a Specific Offense Guideline).” See Maj. Op. at 905. Yet both reference specific federal statutes, not generic local, state, and federal offenses. See, e.g., U.S.S.G. § 2D1.1 (referencing, for instance, convictions under § 841(b)(1)(A)); U.S.S.G. § 2X1.1 cmt. (listing statutory provisions, including 18 U.S.C. §§ 371, 372, 2271, 2282A, 2282B). And the title of § 2D1.1 lists “Attempt or Conspiracy” after a semicolon that follows a listing of drug offense types. By contrast, Application Notes l(B)(iv) and 5 under § 2L1.2 lack any such cross-references to federal statutes and apply to more than just drug trafficking offenses. See U.S.S.G. § 2L1.2(b)(l)(A) (including crimes of violence, firearms offenses, child pornography offenses, national security offenses, human trafficking offenses, alien smuggling offenses, in addition to drug trafficking offenses). In sum, following Garcia-Santana and Taylor to define generic conspiracy recognizes the purpose and structure of the Sentencing Guidelines.
For these reasons, I would reverse Rivera-Constaritino’s sentence and remand with directions to the district court to consider in the first instance whether his prior conspiracy conviction under § 846 warrants an eight-level enhancement under U.S.S.G. § 2L1.2(b)(l)(C) as an aggravated felony.

. Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

. But see United States v. Taylor, 529 F.3d 1232, 1236 (9th Cir.2008) (“For purposes of USSG § 4B 1.2(a), a state offense qualifies as a crime of violence if the state crime’s definition is coextensive with the crime’s common-law or 'federal' definition.”); id. at n. 2 ("We use the terms 'federal definition' and 'common-law definition’ interchangeably in the context of crimes of violence.”).

. Compare Maj. Op. at 906 n. 4 ("We need not, and do not, consider the meaning of the phrase 'conspiring ... to commit ... a drug trafficking offense’ as it relates to conspiracy convictions under state law, for example.” (quotation marks omitted)) with RodriguezEscareno, 700 F.3d at 754 n. 2 (“We imply no position on the relevance of this reasoning to applying the enhancement to convictions for conspiracies to commit state-law offenses.”).

. The Fifth Circuit in Pascacio-Rodriguez provided alternative bases for its holding that a state conviction for conspiracy to commit murder qualified for a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(l)(A)(ii). Compare id. at 367-68 with Maj. Op. at 904 n.3. The Fifth Circuit explained that "the generic, contemporary meaning of 'conspiracy to commit murder' does not require an overt act” and that the “language and context of § 2L1.2 indicate that an overt act is not required for a conspiracy to commit murder.” Pascacio-Rodriguez, 749 F.3d at 367-68. Whereas both bases could lead to the same result in the Fifth Circuit, Garcia-Santana already has determined the generic federal definition of conspiracy in our circuit. See Garcia-Santana, 774 F.3d at 537.

. Cf. United States v. Gonzalez-Corn, No. 13-50480, - F.3d -, -, -, 2015 WL 4385278, at *1, *3 (9th Cir. July 17, 2015) (declining to apply Taylor in reviewing a prior conviction when that conviction’s "statutory scheme” was incorporated into the INA, which cross-references 18 U.S.C. § 924(c)(2)).

. The authors of Federal Sentencing Law and Practice have observed:
[The Fifth Circuit's statement, “There is no reason to search outside the Guidelines for a definition of 'conspiracy' applicable to this enhancement. Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses”] seems to sidestep the issue raised by the defendant, — what does "conspiracy” mean as used in application note 5? Although a conviction for conspiracy under 21 U.S.C. § 846 does not require proof of an overt act, the general conspiracy offense in 18 U.S.C.A. § 371 does. Application note 5 is not limited to conspiracy to commit a drug trafficking offense; it also encompasses conspiracy to commit a crime of violence and other offenses that would be prosecuted under 18 U.S.C. § 371.
Thomas W. Hutchison et al., Federal Sentencing Law and Practice § 2L1.2 n.300 (quoting Rodriguez-Escareno, 700 F.3d at 754).