NOT FOR PUBLICATION

FILED



NOV 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| TONY CARZELL GREEN, | ) | No. 17-35281 |
| | ) | |
| Petitioner-Appellant, | ) | D.C. No. 3:16-cv-00406-MC |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| CALVIN JOHNSON, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted November 5, 2018
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,** District Judge.

Tony Carzell Green appeals the denial of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. The district court determined that it lacked

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

jurisdiction. We affirm.

Green argues that he could proceed under 28 U.S.C. § 2241 because he met the "escape hatch" conditions set forth in 28 U.S.C. § 2255(e). That is, he asserts that he can proceed because he "'(1) [made] a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Harrison v. Ollison*, 519 F.3d 952, 962 (9th Cir. 2008). We do not agree. It is far from clear that Green can sustain a claim of actual innocence of an enhanced sentence under the Career Offender provision of the United States Sentencing Guidelines;[1] we have not previously so held,[2] and we need not do so in this case because he does not meet the second part of the escape hatch test.

One of the State of Washington convictions that was used to support the enhancement was for conspiracy to deliver cocaine,[3] but Green does not assert that he was actually innocent of committing that offense in Washington. At its core, his claim is that under Washington's law regarding accomplices—its aiding and

---

[1] *See* USSG §4B1.1. Unless otherwise indicated, all references to the United States Sentencing Guidelines are to the November 1, 1997 version thereof.

[2] *See Marrero*, 682 F.3d at 1193–95.

[3] *See* Wash. Rev. Code §§ 69.50.407, 69.50.401(1)–(2)(a); *see also id.* § 69.50.206(b)(4).

abetting law—all that must be shown is that the accused had acted with the "knowledge" that his actions would "promote or facilitate" the crime,[4] whereas under the generic (and federal) definition of aiding and abetting, "specific intent" is required.[5] He also argues that the aiding and abetting provision affects criminal conspiracy charges in Washington. *See Valdivia-Flores*, 876 F.3d at 1207–08. As a result, Green argues, the conspiracy conviction cannot be used as a predicate offense that supports a career offender enhancement. *See United States v. Franklin*, 904 F.3d. 793, 802–03 (9th Cir. 2018); *Valdivia-Flores*, 876 F.3d at 1209; *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1240 (9th Cir. 2014). Assuming that line of argument is correct, we must point out that Green still fails to demonstrate that his ability to make his claim on direct appeal in December 1998 and at the time of his first motion under 28 U.S.C. § 2255 in November 2000 was somehow procedurally obstructed. It was not.

He argues that before *Descamps v. United States*,[6] he could not make his core claim because existing law precluded relief. We disagree. Rather than setting

---

[4]Wash. Rev. Code § 9A.08.020(3)(a); *see also id.* at (2)(c).

[5]*See United States v. Valdivia-Flores*, 876 F.3d 1201, 1207 (9th Cir. 2017); *see also United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005).

[6]570 U.S. 254, 257–58, 133 S. Ct. 2276, 2281–82, 186 L. Ed. 2d 438 (2013); *see also Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015).

out new or changed law, the Supreme Court reasserted (or clarified) its long-standing position regarding the categorical and modified categorical approaches to deciding whether a prior conviction met the elements of the generic crime.[7]  In the courts of this circuit, Green was not precluded from arguing for application of the elements approach of *Taylor*.  *See, e.g.*, *United States v. Sandoval-Venegas*, 292 F.3d 1101, 1106 (9th Cir. 2002); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1207–08, 1211 (9th Cir. 2002) (en banc); *United States v. Martinez*, 232 F.3d 728, 733 (9th Cir. 2000)*; United States v. Innie*, 7 F.3d 840, 849 (9th Cir. 1993).  Rather, in a case decided in 2007, we made it plain that under our law the modified categorical approach could not supply a missing element of a generic crime.  *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc).  Almost four years later, we resiled from that decision and declared that the modified categorical approach did allow the supplying of a missing element.  *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 917 (9th Cir. 2011) (en banc) (per curiam).  Of course, less than two years after that, the Supreme Court

---

[7]*See Taylor v. United States*, 495 U.S. 575, 599, 602, 110 S. Ct. 2143, 2158, 2160, 109 L. Ed. 2d 607 (1990); *see also Mathis v. United States*, __ U.S. ___, ___, 136 S. Ct. 2243, 2257, 195 L. Ed. 2d 604 (2016); *Descamps*, 570 U.S. at 260–64, 133 S. Ct. at 2283–85; *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038–39 (9th Cir. 2017) (en banc), *cert. denied*, __ U.S. __, 138 S. Ct. 523, 199 L. Ed. 2d 400 (2017).

4

indicated, in effect, that *Navarro-Lopez* had been correct all along. *See Descamps*, 570 U.S. at 277–78, 133 S. Ct. at 2293. The above cases show that our law on this issue was in a state of flux. Green was not obstructed from taking a shot; he should have felt encouraged to take one. *See Harrison*, 519 F.3d at 960–61. Thus, the district court did not err when it determined that it lacked jurisdiction to grant relief.

AFFIRMED.