**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RIGOBERTO AGUILAR-TURCIOS,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 06-73451

Agency No.
A045-301-132

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 21, 2012—San Francisco, California
Withdrawn September 10, 2013

Filed January 23, 2014

Before: William A. Fletcher, Richard A. Paez,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Paez

## SUMMARY[*]

### Immigration

The panel granted Rigoberto Aguilar-Turcios's petition for review of the Board of Immigration Appeals' decision finding that his conviction for violating Article 92 of the Uniform Code of Military Justice constituted an aggravated felony.

The original opinion in this case was withdrawn pending the en banc opinion in *United States v. Aguila-Montes De Oca*, 655 F.3d 915 (9th Cir. 2011), and the second opinion was withdrawn when the Supreme Court granted certiorari in *Descamps v. United States*, 133 S. Ct. 2276 (2013), to reconsider this court's decision in *Aguila-Montes* overruling the "missing element rule." The Supreme Court subsequently abrogated *Aguila-Montes* and held that sentencing courts may not apply the modified categorical approach when a defendant's statute of conviction contains an indivisible set of elements.

Applying *Descamps*, the panel again held that Aguilar-Turcios's Article 92 conviction for violating a Department of Defense Directive providing that official use of government computers does not include viewing pornography, does not constitute an aggravated felony. The panel held that the conviction is not a categorical aggravated felony because one could violate the Directive without necessarily being guilty of all the elements of generic federal

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

child pornography offenses. The panel further held that the modified categorical approach had no role to play in this case, because neither Article 92 nor the Directive includes the element of a visual depiction of a minor engaging in sexually explicit conduct.

## COUNSEL

David B. Landry (argued), San Diego, California, for Petitioner.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for Amici Curiae Federal Public and Community Defenders.

Andrew C. MacLachlan (argued), Tony West, Assistant Attorney General, Donald E. Keener, Deputy Director, Robert N. Markle, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

## OPINION

PAEZ, Circuit Judge:

In this petition for review of a decision by the Board of Immigration Appeals ("BIA" or "Board"), we address whether Petitioner Rigoberto Aguilar-Turcios's conviction under Article 92 of the Uniform Code of Military Justice ("UCMJ") qualifies as an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(I). For the reasons discussed below, we conclude that Aguilar-Turcios's Article 92 conviction is

not an aggravated felony.  We therefore grant the petition and remand this case to the BIA with instructions to vacate the removal order against him.

## I.  BACKGROUND

Aguilar-Turcios is a citizen and native of Honduras who came to the United States as a legal permanent resident ("LPR") in 1996.  He married his wife, Vicenta, in June of 2000, shortly before he enlisted in the United States Marine Corps.  They have at least one child together.

While in the Marine Corps, Aguilar-Turcios used a government computer to access pornographic Internet sites and to download pornographic images of female minors.

*2003 Court Martial*

In 2003, Aguilar-Turcios pleaded guilty to and was convicted by special court-martial of violating UCMJ Article 92, which prohibits "violat[ing] or fail[ing] to obey any lawful general order or regulation," 10 U.S.C. § 892(1), and UCMJ Article 134, which renders punishable, *inter alia*, "all conduct of a nature to bring discredit upon the armed forces," *id.* § 934.

Specifically, Aguilar-Turcios pleaded guilty to violating UCMJ Article 92 as a result of his violation of Department of Defense ("DOD") Directive 5500.7-R § 2-301(a), which provides that government computers "shall be for official use and authorized purposes only" and that such "authorized purposes" do not include "uses involving pornography."

Aguilar-Turcios also pleaded guilty to and was convicted of bringing discredit upon the armed forces under UCMJ Article 134, by "wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct, which conduct was prejudicial to good order and discipline of the armed forces." *Id.* § 2-301(d).

The Military Judge ("MJ") sentenced Aguilar-Turcios to ten months of confinement, a pay-grade reduction, and a bad-conduct discharge from the Marine Corps.

*2005 Removal Proceedings*

In 2005, the federal government initiated removal proceedings against Aguilar-Turcios, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. The government alleged that Aguilar-Turcios's convictions under UCMJ Articles 92 and 134 amounted to violations of 18 U.S.C. §§ 2252(a)(2)[1] and (a)(4),[2] both of which address conduct

---

[1] Section 2252(a)(2) makes it a felony to "knowingly receive[], or distribute[], any visual depiction . . . or knowingly reproduce[] any visual depiction for distribution . . . if—(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct."

[2] The version of 18 U.S.C. § 2252(a)(4)(A) that was in effect until 2008 made it a felony to "knowingly possess[] . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction . . . if—(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct."

involving child pornography, and therefore qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43)(I).[3]

### 2006 Agency Decisions

The Immigration Judge ("IJ") assigned to Aguilar-Turcios's removal proceeding determined that neither the Article 92 nor the Article 134 violations qualified categorically as an aggravated felony under 8 U.S.C. § 1101(a)(43)(I).   Turning to the modified categorical analysis, the IJ first held that Aguilar-Turcios's Article 134 conviction was not an aggravated felony because Article 134 does not refer to child pornography.   The IJ was not persuaded that the specific facts with which Aguilar-Turcios was charged became an element of the Article 134 conviction for purposes of the categorical rule.[4]   The IJ reached the opposite conclusion for Aguilar-Turcios's Article 92 conviction, concluding that because "child pornography is a subset of pornography" and Aguilar-Turcios pleaded guilty to a charge containing the phrase "minor engaging in sexually explicit conduct"—the same language that appears in §§ 2252(a)(2) and (a)(4)—Aguilar-Turcios's Article 92 conviction qualified as an aggravated felony.[5]

---

[3] Section 1101(a)(43)(I) defines "aggravated felony" as "an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography)."

[4] The IJ also commented that "clearly, he was convicted of *conduct* which is punishable under 18 U.S.C. [§] 2252." (emphasis added).

[5] The IJ's oral decision does not address the fact that the phrase "minor engaging in sexually explicit conduct" from §§ 2252(a)(2) and (a)(4) only appears in the Article 134 charge, not the Article 92 charge.

Aguilar-Turcios appealed the IJ's decision regarding his Article 92 conviction to the BIA.  The government did not appeal the IJ's decision regarding the Article 134 conviction. The BIA affirmed the IJ's decision in a per curiam order.

*2009 and 2012 Ninth Circuit Decisions*

Aguilar-Turcios petitioned for review of the BIA's order, and we granted the petition and remanded the case to the BIA.[6]    *Aguilar-Turcios v. Holder* (*Aguilar-Turcios I*), 582 F.3d 1093 (9th Cir. 2009), *withdrawn by* 652 F.3d 1236 (9th Cir. 2011).

Like the IJ, we concluded that an Article 92 conviction for violating DOD Directive 5500.7-R § 2-301(a) is not categorically an aggravated felony. *Id.* at 1096–97.  We also held that the modified categorical approach did not apply to the question of whether Aguilar-Turcios's Article 92 conviction was an aggravated felony. *Id.* at 1097–98.  We applied the so-called "missing element rule" from *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc), which limited the application of the modified categorical approach to statutes of conviction that are divisible into several crimes and barred application of the rule where a statute of conviction was "missing" an element of the generic crime.  *Aguilar-Turcios I*, 582 F.3d at 1097–98. Concluding that both Article 92 and DOD Directive 5500.7-R § 2-301(a) were "missing" the element of "a visual depiction

---

[6] While Aguilar-Turcios's appeal was pending before this court, and an order was in place staying his removal, the government mistakenly removed Aguilar-Turcios to Honduras.  Although his whereabouts were unknown as of the date of publication of our initial opinion in this case, his counsel has since been in contact with him via e-mail.

of a minor engaging in sexually explicit conduct," we held that the modified categorical approach did not apply and that Aguilar-Turcios's Article 92 conviction did not meet the generic definition of "aggravated felony." *Id.*

Judge Bybee dissented, calling into question the validity and wisdom of the *Navarro-Lopez* "missing element rule" and concluding that Aguilar-Turcios's Article 92 conviction "necessarily shows that he committed the aggravated felony of knowing possession of child pornography" because "[t]he only pornography that Aguilar-Turcios admitted to accessing on his government computer during the plea colloquy were the six images of child pornography." *Id.* at 1098–99, 1113 (Bybee, J., dissenting).

Following publication of our original opinion in this case, the government filed a petition for rehearing en banc. The petition sought reconsideration of the *Nazarro-Lopez* rule. Before we could rule on the government's petition, a majority of the court's active judges granted rehearing in another case, *United States v. Aguila-Montes de Oca* ("*Aguila-Montes*"), to consider the same question. 594 F.3d 1080 (9th Cir. 2010). We therefore held this case in abeyance pending the en banc opinion in *Aguila-Montes*.

*Aguila-Montes* overruled *Navarro-Lopez*'s "missing element rule." 655 F.3d 915, 916–17 (9th Cir. 2011) (en banc). As a result of the holding in *Aguila-Montes*, we withdrew our original opinion in this case and requested supplemental briefing from the parties as to what effect, if any, *Aguila-Montes* had on the outcome of Aguilar-Turcios's case. *Aguilar-Turcios v. Holder*, 652 F.3d 1236 (9th Cir. 2011). In a new opinion, we applied *Aguila-Montes* and concluded that the facts "necessary" to support Aguilar-

Turcios's Article 92 conviction did not satisfy the elements of 18 U.S.C. § 2252(a)(2) or (a)(4). *Aguilar-Turcios v. Holder* (*Aguilar-Turcios II*), 691 F.3d 1025, 1034 (9th Cir. 2012), *withdrawn by* 729 F.3d 1294 (9th Cir. 2013). Therefore, we once again held that Aguilar-Turcios's Article 92 conviction does not qualify as an aggravated felony. *Id*. at 1041–42. Judge Bybee again dissented.

But this turned out not to be the end of Aguilar-Turcios's case. The Supreme Court granted certiorari in another case, *Descamps v. United States*, to reconsider the rule we established in *Aguila-Montes*. 133 S. Ct. 90 (2012). The Supreme Court subsequently abrogated *Aguila-Montes* and held that sentencing courts may not apply the modified categorical approach when a defendant's statute of conviction contains an indivisible set of elements. *Descamps v. United States*, 133 S. Ct. 2276, 2282–93 (2013). In light of *Descamps*, we withdrew our second opinion in this case. *Aguilar-Turcios v. Holder*, 729 F.3d 1294 (9th Cir. 2012). We once again consider the merits of this case, applying the principles outlined in *Descamps*.

## II. JURISDICTION

Generally, we have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1).[7] *See also Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2010). We

---

[7] We review de novo the BIA's determination of questions of law and legal conclusions. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). "[W]hether an offense constitutes an aggravated felony for which an alien is removable" is a question of law reviewed de novo. *Carillo-Jaime v. Holder*, 572 F.3d 747, 750 (9th Cir. 2009) (citing *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004)).

lack jurisdiction, however, to review final orders of removal against aliens who have committed certain criminal offenses, including aliens convicted of aggravated felonies. *See id.* § 1252(a)(2)(C). Of course, we have jurisdiction to determine our own jurisdiction. *See Daas v. Holder*, 620 F.3d 1050, 1053 (9th Cir. 2010); *Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000). Because our resolution of the merits of whether Aguilar-Turcios's Article 92 conviction qualifies as an aggravated felony under federal law determines whether we have jurisdiction over his final order of removal, "the jurisdictional question and the merits collapse into one." *Id.* (quoting *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000) (internal quotation marks omitted)). If we determine that Aguilar-Turcios's Article 92 conviction is not an aggravated felony, then we have jurisdiction over the final order of removal and must grant his petition; if we determine, however, that it is an aggravated felony, we lose our jurisdiction and the agency has the final word on Aguilar-Turcios's removal. *See Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1024 (9th Cir. 2004).

## III. ANALYSIS

### A. The Categorical Approach

To determine whether Aguilar-Turcios's conviction under Article 92 is an aggravated felony, we apply the analytical approach outlined in *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). This approach requires us to make a categorical comparison of the elements of the statute of conviction and the generic definition of an aggravated felony, as found in 8 U.S.C. § 1101(a)(43). "The prior conviction qualifies as an [aggravated felony] only if the statute [of conviction's] elements are the same as, or narrower than,

those of the generic [offense]." *Descamps*, 133 S. Ct. at 2281. In making this categorical comparison, we may not consider the specific conduct that resulted in the conviction or the circumstances under which the crime was committed. *Taylor*, 495 U.S. at 600. We must look only to the elements of the statute of conviction. *Id.*

Here, the generic crimes, included within the definition of an aggravated felony contained in 8 U.S.C. § 1101(a)(43)(I), with which we compare Aguilar-Turcios's Article 92 conviction are defined in subsections (a)(2) and (a)(4) of 18 U.S.C. § 2252. Each of these subsections contains an element that requires the defendant's conduct to involve a visual depiction of a minor engaging in sexually explicit conduct. *See supra* notes 1 & 2. A conviction for violating Article 92 is thus categorically an aggravated felony only if Article 92 contains this same element or a narrower element.

To be convicted of violating Article 92, a person must have engaged in conduct that:

> (1) violates or fails to obey any lawful general order or regulation;
>
> (2) having knowledge of any other lawful order issued by a member of the armed force, which it is his duty to obey, fails to obey the order; or
>
> (3) is derelict in the performance of his duties . . . .

Art. 92, UCMJ, 10 U.S.C. § 892. It is undisputed that Article 92 does not contain the element of conduct involving a depiction of a minor engaging in sexually explicit conduct.

As discussed above, Aguilar-Turcios was convicted of violating Article 92 by violating or failing to obey a "lawful general order." The "lawful general order" that Aguilar-Turcios violated in connection with his Article 92 conviction is section 2-301(a) of DOD Directive 5500.7-R.**[8]** Section 2-301(a) prohibits the use of government computers except for "official use and authorized purposes," and section 2-301(a)(2)(d) provides that military agencies may not authorize uses of government computers "that would reflect adversely on DoD or the DoD Component (such as uses involving pornography; chain letters; unofficial advertising, soliciting or selling except on authorized bulletin boards established for such use; violations of statute or regulation; inappropriately handled classified information; and other uses that are incompatible with public service.)."

Thus, although a violation of section 2-301(a) may involve "pornography," the Directive clearly sweeps more broadly than §§ 2252 (a)(2) and (a)(4) because one could

---

**[8]** We have found no other case from our circuit or our sister circuits discussing the application of the categorical and modified categorical approaches to convictions under the UCMJ, although clearly the federal government does rely on UCMJ convictions to remove noncitizens. *See United States v. Denedo*, 556 U.S. 904, 907–08 (2009). In light of our disposition of this case, we assume without deciding that a conviction under the UCMJ may provide a proper basis for the government to initiate removal proceedings against a lawful permanent resident alien, and that we may look not only to the UCMJ but to the elements of a lawful general order like that at issue in this case when applying the categorical or modified categorical approach.

violate section 2-301(a) without "necessarily [being] guilty of all the . . . elements" of §§ 2252(a)(2) or (a)(4). *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor*, 495 U.S. at 599). Therefore, Aguilar-Turcios's Article 92 conviction, predicated on a violation of section 2-301(a), is not categorically an aggravated felony.[9]

## B.  The Modified Categorical Approach

In the absence of a categorical match, we may, in some circumstances, apply the "modified categorical approach," under which we consider whether certain documents in the record or judicially noticeable facts show that the conviction qualifies as an aggravated felony. *Descamps*, 133 S. Ct. at 2281. The Court in *Descamps* recently clarified the limited circumstances under which we apply this approach. In abrogating *Aguila-Montes*, the Court explained that the modified categorical approach should only be applied to "determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id*. at 2293. The modified categorical approach "serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative,

---

[9] The Supreme Court's decision in *Nijhawan* does not affect our resolution of this case because it is clear from the text of the relevant statutes that the element at issue here—a visual depiction of a minor engaging in sexually explicit conduct, *see* 18 U.S.C. §§ 2252(a)(2) and (a)(4)—is an element of the generic crimes and not simply a description of the specific circumstances under which the crimes were committed. *See Nijhawan v. Holder*, 557 U.S. 29, 37, 40 (2009) (rejecting the categorical approach where the statutory definition of the aggravated felony at issue "does not refer to generic crimes but refers to specific circumstances.")

renders opaque which element played a part in the defendant's conviction." *Id.* at 2283.

Here, section 2-301(a) prohibits using government computers for a variety of purposes, including to view "pornography." *See* DOD Directive 5500.7-R, § 2-301(a). In that sense, we may consider the Directive as listing alternative elements that would support a violation. Neither Article 92 nor section 2-301(a), however, requires that the "pornography" involve a visual depiction of a minor engaging in sexually explicit conduct. Moreover, neither Article 92 nor section 2-301(a) include anywhere the element of a visual depiction of a minor engaging in sexually explicit conduct, even as an alternative element. Instead, they are missing this element altogether.[10]  "The modified approach thus has no role to play in this case." *Descamps*, 133 S. Ct. at 2285 ("All the modified approach adds is a mechanism for making [the

---

[10] It makes no difference whether these provisions are characterized as "missing" this element or containing a "broader" version of this element. The Court in *Descamps* used precisely the scenario presented here to explain why this characterization does not matter:

> A statute of conviction punishes possession of pornography, but a federal law carries a sentence enhancement for possession of child pornography. Is the statute of conviction overbroad because it includes both adult and child pornography; or is that law instead missing the element of involvement of minors? . . . [W]e see no reason why [this] distinction should matter. Whether the statute of conviction has an overbroad or missing element, the problem is the same: Because of the mismatch in elements, a person convicted under that statue is never convicted of the generic crime.

*Descamps*, 133 S. Ct. at 2292.

categorical] comparison when a statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.' If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of." (quoting *Nijhawan*, 557 U.S. at 41)). Whether Aguilar-Turcios actually did possess images of minors engaging in sexually explicit conduct "makes no difference." *Id.* at 2286. "And likewise, whether he ever admitted to [possessing images of minors engaging in sexually explicit conduct] is irrelevant." *Id.* We therefore hold that Aguilar-Turcios's Article 92 conviction does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(I).[11]

---

[11] There is no need for us to address whether Aguilar-Turcios's Article 134 conviction qualifies as an aggravated felony because the government did not appeal the IJ's ruling that Article 134 could not serve as a basis for removal. The government must accept the consequences of its litigation strategies, as must any defendant. *See, e.g.*, *Lezama-Garcia v. Holder*, 666 F.3d 518, 535 (9th Cir. 2011) ("The government contends that the IJ did not decide whether an unintentional departure actually took place. . . . It is well established that if a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal. Because [ICE] failed to challenge the factual circumstances of Lezama's departure, remand is not warranted." (quoting *Slaven v. Am. Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998))); *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1360 (9th Cir. 2007) ("The government . . . could have appealed the IJ's 1990 decision . . . It could have moved to reopen after our decision of June 2002. Having done neither, the Secretary cannot avoid the application of the general principle of res judicata.").

Moreover, not only did ICE not appeal this issue to the Board, but the government never argued to this court that we should consider the Article 134 conviction or remand to the Board for it to consider the issue until its *second* petition for rehearing. By failing to raise this argument in any of its several briefing opportunities before this court, the government waived

## IV.

We conclude that Aguilar-Turcios's UCMJ Article 92 conviction does not qualify as an aggravated felony. Therefore, we have jurisdiction over this case, and we grant the petition for review and remand to the BIA with instructions for the agency to vacate the removal order against the petitioner.

**GRANTED and REMANDED.**

its argument that we should remand to the Board for it to determine whether Aguilar-Turcios's Article 134 conviction qualifies as an aggravated felony. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that an argument not addressed in an answering brief is waived (citing *United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007) (where appellees fail to raise an argument in their answering brief, "they have waived it"))).