NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS COVARRUBIAS-            )     No. 11-72709
SOTELO, AKA Carlos Covar-Rubias,)
AKA Carlos Covarrubias,       )     Agency No. A077-131-637
                              )
        Petitioner,           )     MEMORANDUM[*]
                              )
        v.                    )
                              )
ERIC H. HOLDER, Jr., Attorney )
General,                      )
                              )
        Respondent.           )
                              )

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Carlos Covarrubias-Sotelo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision that he is removable as an

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

aggravated felon. See 8 U.S.C. § 1227(a)(2)(A)(iii). We grant the petition and remand.[1]   Covarrubias was convicted of felony burglary in Nevada. See Nev. Rev. Stat. § 205.060 (2009). The BIA and the parties agree that because Nevada omits the "element" of "unlawful or unprivileged entry" from its definition of the crime, his burglary conviction was not a generic burglary within the meaning of the categorical approach. See 8 U.S.C. § 1101(a)(43)(G); Taylor v. United States, 495 U.S. 575, 598–99, 110 S. Ct. 2143, 2158, 109 L. Ed. 2d 607 (1990); Ye, 214 F.3d at 1132. Nevertheless, relying upon our modified categorical approach case law,[2] the BIA determined that Covarrubias had committed an aggravated felony. However, the Supreme Court has since made it clear that a missing element of the generic crime cannot be supplied that way. See Descamps, __ U.S. at __, 133 S. Ct. at 2285–86; see also United States v. Gonzalez-Monterroso, No. 12-10158, 2014 WL 575952, at *6 (9th Cir. Feb. 14, 2014). Descamps did not expressly deal with an immigration issue, but the Court's categorical and modified categorical approach in the criminal area applies to the immigration area as well. See

---

[1]In this area, our jurisdiction to review and the merits of the petition coalesce. See Aguilar-Turcios v. Holder, 740 F.3d 1294, 1299 (9th Cir. 2014); Ye v. INS, 214 F.3d 1128, 1131 (9th Cir. 2000).

[2]See United States v. Aguila-Montes de Oca, 655 F.3d 915, 928 (9th Cir. 2011) (en banc) (per curiam), abrogated by Descamps v. United States, __ U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

Moncrieffe v. Holder, __ U.S. __, __, 133 S. Ct. 1678, 1684–85, 185 L. Ed. 2d 727 (2013); Gonzales v. Duenas-Alvarez, 549 U.S. 183, 185–87, 127 S. Ct. 815, 818–19, 166 L. Ed. 2d 683 (2007); see also Aguilar-Turcios, 740 F.3d at 1299–302. Thus, the BIA erred.

The government suggests that we should remand this case to the BIA so that it can decide if it will decline to follow the Supreme Court's and our decisions regarding what constitutes an aggravated felony. See INS v. Ventura, 537 U.S. 12, 16–17, 123 S. Ct. 353, 355–56, 154 L. Ed. 2d 272 (2002) (per curiam). However, even assuming the dubious proposition that the BIA could so decline,[3] in this case the BIA has already adopted and attempted to apply the categorical and modified categorical approach,[4] albeit incorrectly under our case law since Descamps. We know of no authority that would require us to remand the categorical and modified categorical question to the BIA for renewed determination. We, therefore, grant Covarrubias' petition and "remand to the BIA with instructions [that it] vacate the removal order." Aguilar-Turcios, 740 F.3d at 1302.

Petition GRANTED; REMANDED.

---

[3]See United States v. Garcia-Santana, 743 F.3d 666, 679 (9th Cir. 2014).

[4]It has also done so before. See, e.g., In re Strydom, 25 I. & N. Dec. 507, 509 (B.I.A. 2011); In re Gruenangerl, 25 I. & N. Dec. 351, 357 (B.I.A. 2010).