**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARMANDO GOMEZ-PONCE, AKA Oscar Armando Ponce, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71420 <br><br> Agency No. A092-322-932 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2014
Pasadena, California

Before: TASHIMA, N.R. SMITH, and MURGUIA, Circuit Judges.

Oscar Armando Gomez-Ponce, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals's (BIA's) decision that he is

removable for having committed at least two crimes involving moral turpitude

after his admission. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). Here, "the jurisdictional

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

question[s] and the merits collapse into one," and we have jurisdiction if we determine that Gomez-Ponce is not removable. *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1299 (9th Cir. 2014) (internal quotation marks omitted).  We grant the petition and remand.

Gomez-Ponce, a lawful permanent resident, was convicted in 1993 of sexual battery by restraint in violation of California Penal Code section 243.4(a) and in 2011 of two counts of oral copulation with a minor in violation of California Penal Code section 288a(b)(1).  The Government charged him as removable on the sole ground that he had committed two or more crimes involving moral turpitude after his admission, and the immigration judge sustained the charge of removability.

The BIA dismissed Gomez-Ponce's appeal.  It first determined that Gomez-Ponce's conviction for sexual battery by restraint in violation of California Penal Code section 243.4(a) is a crime involving moral turpitude.[1]  The BIA then considered Gomez-Ponce's convictions under California Penal Code section 288a(b)(1), which states that, "[e]xcept as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."  The BIA concluded that oral

---

[1] Gomez-Ponce does not challenge this holding in his petition for review.

2

copulation with a minor "is not categorically a crime involving moral turpitude because there is a realistic possibility that the statute of conviction would be applied to reach conduct that does not involve moral turpitude." Applying then-extant case law on the modified categorical approach, the BIA determined that Gomez-Ponce had indeed committed at least one crime involving moral turpitude in 2011. The BIA thus found Gomez-Ponce removable as charged and determined that he was ineligible for cancellation of removal.

A conviction under California Penal Code section 288a(b)(1) is not categorically a crime of moral turpitude. The statute lacks a scienter requirement as to the age of the victim and requires no minimum age gap between the perpetrator and victim. Moreover, the statute extends to conduct that is statutorily prohibited, not just conduct that is inherently wrong, as evidenced by the fact that most states set the age of sexual consent at 16. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1153 (9th Cir. 2008) (en banc); *see also Quintero-Salazar v. Keisler*, 506 F.3d 688, 693 (9th Cir. 2007) (noting that conduct that is "only statutorily prohibited, rather than inherently wrong . . . generally will not involve moral turpitude"). Accordingly, Gomez-Ponce's 2011 convictions are not categorically crimes involving moral turpitude.

We then consider whether California Penal Code section 288a(b)(1) is subject to the modified categorical approach.[2] *Descamps* instructs that the modified categorical approach may only be applied when a statute "list[s] potential offense elements in the alternative, [thereby] render[ing] opaque which element played a part in the defendant's conviction." *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2283 (2013). California Penal Code section 288a(b)(1) has "a single, indivisible set of elements," *id.* at 2282, and thus it is not subject to the modified categorical approach. Accordingly, "the inquiry is over." *Id.* at 2286. Gomez-Ponce's convictions under California Penal Code section 288a(b)(1) are not crimes involving moral turpitude, and the BIA erred in deeming Gomez-Ponce removable for having committed two or more crimes involving moral turpitude after admission.[3]

The Government requests that we remand this case to the BIA so that the BIA can determine in the first instance the effect of *Descamps* and other recent

---

[2] Gomez-Ponce made the BIA aware that he was disputing the immigration judge's application of the modified categorical approach to his convictions, and the BIA considered the issue on the merits. We thus reject the Government's argument that Gomez-Ponce failed to exhaust his claims. *See Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011); *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc).

[3] Because we conclude that Gomez-Ponce is not removable as charged, we need not address whether he is eligible for cancellation of removal.

precedent on Gomez-Ponce's case. First, however, we have already applied *Descamps* multiple times in the immigration context; we therefore follow suit here. *See Coronado v. Holder*, __ F.3d __, 2014 WL 983621, *1 (9th Cir. Mar. 14, 2014); *Aguilar-Turcios*, 740 F.3d at 1301-02; *see also Moncrieffe v. Holder*, __ U.S. __, 133 S. Ct. 1678, 1684-85 (2013) (applying the categorical approach in the immigration setting). Second, the BIA has already determined that California Penal Code section 288a(b)(1) is not categorically a crime involving moral turpitude. Given these two considerations, remand is unnecessary for a renewed application of the modified categorical approach–a purely legal issue on which the BIA does not have particular expertise. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132-34 (9th Cir. 2006) (en banc); *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 843 (9th Cir. 2003), *overruled on other grounds by Ceron v. Holder*, __ F.3d __, 2014 WL 1274096 (9th Cir. Mar. 31, 2014) (en banc).

Accordingly, we grant Gomez-Ponce's petition and remand to the BIA with instructions to vacate the removal order against Gomez-Ponce. *See Aguilar-Turcios*, 740 F.3d at 1302; *see also Al Mutarreb v. Holder*, 561 F.3d 1023, 1029 (9th Cir. 2009) ("Whatever the grounds on which Al Mutarreb *might* have been found removable, only one was charged. We have no power to affirm the BIA on a ground never charged by the [Government] or found by the IJ.").

5

Petition GRANTED; REMANDED.

The Government's Motion to Remand (Doc. 51) is DENIED.[4]

---

[4] As discussed above, the remand we order is for a different purpose than the remand sought by the Government.