**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENOBIO ARROYO-MURILLO, | No. 11-73240 |
| Petitioner, | Agency No. A096-602-141 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Cenobio Arroyo-Murillo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order denying his request for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Before the IJ, Arroyo-Murillo conceded he was ineligible for any relief and sought only a one-year continuance in the hope of benefitting from comprehensive immigration reform legislation. The IJ denied the continuance, and Arroyo-Murillo does not challenge the BIA's determinations that a continuance was not warranted and that Arroyo-Murillo's immigration proceedings comported with due process. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

We lack jurisdiction to review Arroyo-Murillo's contentions regarding adjustment of status and a waiver of inadmissability because Arroyo-Murillo did not file applications for those forms of relief before the IJ or the BIA, *see* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"), and our review is limited to the final order of removal, *see Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1299 (9th Cir. 2014) ("we have jurisdiction to review final orders of removal under 8 U.S.C. § 1252 (a)(1)"); *Galindo-Romero v. Holder*, 640 F.3d 873, 877 (9th Cir. 2011) (the term "order of removal" refers to the administrative order "'concluding that the alien is [removable] or ordering [removal].'" (alterations in

original) (quoting 8 U.S.C. § 1101(a)(47)(A))); *cf. Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (holding that the court had jurisdiction to review the prior BIA determinations in the case because the final deportation order was contingent upon them).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**