**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALVAREZ, | No. 13-73606 |
| Petitioner, | Agency No. A074-223-378 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,[**] District
Judge.

Jorge Alvarez ("Alvarez") petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's

("IJ") order removing him from the United States to Mexico. The BIA agreed with

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

the IJ that Alvarez's prior convictions for possession of a firearm by a felon under former California Penal Code ("CPC") section 12021(a)(1) and possession for sale of methamphetamine under California Health and Safety Code ("CHSC") section 11378 are aggravated felonies that rendered Alvarez removable.

Although we lack jurisdiction to review an order of removal against an alien who is removable for having committed an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), "we have jurisdiction to determine our own jurisdiction." *Aguilar-Turcios v. Holder*, 740 F.3d 1294, 1299 (9th Cir. 2014). This inquiry amounts to a de novo determination of whether the alien was convicted of a crime that constitutes an aggravated felony. *Flores-Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir. 2000). Based on our de novo review, we lack jurisdiction and, therefore, dismiss the petition.

Alvarez's argument that his conviction under CHSC section 11378 is not an aggravated felony because the statute is indivisible is foreclosed by *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017), which held that section 11378 is divisible.[1] *Id.* at 668–69 (citing *United States v. Martinez-Lopez*, 864 F.3d 1034, 1040 (9th Cir. 2017) (en banc)).

---

[1] Alvarez's conviction under former CPC section 12021(a)(1) does not qualify as an aggravated felony. *See United States v. Hernandez*, 769 F.3d 1059, 1062–63 (9th Cir. 2014).

"Where, as here, only purely legal issues remain, it 'would serve no purpose' to remand to the agency." *Medina-Lara v. Holder*, 771 F.3d 1106, 1118 (9th Cir. 2014) (quoting *Karimi v. Holder*, 715 F.3d 561, 565 (4th Cir. 2013)). In such cases, "the evidence in the record either supports the finding of removability or it does not. No further agency expertise is required to make that determination." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1080 (9th Cir. 2007), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011). Here, the government met its burden of demonstrating removability because Alvarez's pleading-stage admission to the IJ that he was convicted of possession for sale of methamphetamine "constitute[s] clear, convincing, and unequivocal evidence . . . of . . . removability." *Barragan-Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir. 2007).

**PETITION DISMISSED.**