**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTHA ALVAREZ-CRUZ,

                  Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                  Respondent.

No. 20-71553

Agency No. A205-519-171

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2022
Portland, Oregon

Before: EBEL,** W. FLETCHER, and CLIFTON, Circuit Judges.

    Petitioner Martha Alvarez-Cruz, a citizen of Honduras, petitions for review

of the Board of Immigration Appeals's ("BIA") dismissal of her appeal from the

Immigration Judge's ("IJ") denial of her application for withholding of removal

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable David M. Ebel, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for . . . withholding of removal[] or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citing *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

Petitioner has sought recognition of two proposed particular social groups—"Honduran women unable to leave a domestic relationship" and "Honduran women." "Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam). Where there has been an intervening change in the law, we have remanded cases to the BIA. *See, e.g.*, *Pannu v. Holder*, 639 F.3d 1225, 1229 (9th Cir. 2011). In *Matter of A-B-*, the BIA restored as precedent the holding that "married women in Guatemala who are unable to leave their relationship" can constitute a cognizable particular social group. *See Matter of A-B-*, 28 I. & N. Dec. 307 (BIA 2021); *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014). *Matter of A-B-* is directly relevant to Petitioner's proposed particular social group of "Honduran women unable to leave a domestic relationship," and the government seeks a remand as to that proposed group.

Petitioner has also proposed "Honduran women" as a particular social group. We therefore grant the petition and remand for the agency to determine whether either (or both) "Honduran women unable to leave a domestic relationship" or "Honduran women" is a cognizable particular social group.

The government waived any opposition to CAT relief by failing to oppose such relief in its brief to this court. *See Aguilar-Turicos v. Holder*, 740 F.3d 1294, 1302 n.11 (9th Cir. 2014) ("By failing to raise this argument in any of its several briefing opportunities before this court, the government waived its argument that we should remand to the Board . . . ."); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019). We therefore grant the petition and remand for the BIA to grant deferral of removal pursuant to CAT. *See Soto-Soto v. Garland*, 1 F.4th 655, 663 (9th Cir. 2021) (citing *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1188 (9th Cir. 2020)).

**PETITION GRANTED and REMANDED.**