# United States Court of Appeals for the Fifth Circuit

---

No. 22-50853
CONSOLIDATED WITH
No. 22-50860
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AMADO ALVAREZ-ALVARADO,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:22-CR-235-1, 4:22-CR-417-1

---

Before HIGGINBOTHAM, GRAVES, AND HO, *Circuit Judges*.

PER CURIAM:[*]

Amado Alvarez-Alvarado appeals his conviction and sentence for illegal reentry into the United States, as well as the judgment revoking his term of supervised release for a prior offense. He has not briefed, and therefore has abandoned, any challenge to the revocation of supervised

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50853
c/w No. 22-50860

release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

First, Alvarez-Alvarado argues the district court erred in entering a judgment reflecting that his conviction was under 8 U.S.C. § 1326(b)(2) because none of his prior convictions were aggravated felonies. Because he did not raise this issue in the district court, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rodriguez-Flores*, 25 F.4th 385, 387 (5th Cir. 2022). To show plain error, he must demonstrate there is a clear or obvious error that affects his substantial rights. *Puckett*, 556 U.S. at 135. If he makes this showing, we have discretion to correct that error but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The Government agrees that the judgment is incorrect and moves to reform the judgment to reflect the correct statute of conviction, § 1326(b)(1).

Alvarez-Alvarado has a 2009 Nevada conviction for attempted burglary. The Nevada burglary statute does not require breaking as an element of burglary and does not require that the entry be forcible. *See State v. White*, 330 P.3d 482, 485 (Nev. 2014); Nev. Rev. Stat. Ann. § 205.060(1) (2005). Because it does not require the use, attempted use, or threatened use of force, it is not a crime of violence under § 1101(a)(43)(F). *See* 18 U.S.C. § 16(a). The Nevada burglary statute also does not require unlawful or unprivileged entry and reaches more structures than generic burglary. *See* Nev. Rev. Stat. Ann. § 205.060(1) (2005). For these reasons, it does not constitute generic burglary under § 1101(a)(43)(G) or an aggravated felony under § 1326(b)(2). *See Descamps v. United States*, 570 U.S. 254, 277 (2013) (holding that a very similar California burglary statute was non-generic burglary because it did not require breaking and entering);

No. 22-50853
c/w No. 22-50860

*see also Covarrubias-Sotelo v. Holder*, 570 F. App'x 704, 704 (9th Cir. 2014); *United States v. Hiser*, 532 F. App'x 648, 648-49 (9th Cir. 2013).

Neither of Alvarez-Alvarado's other felony convictions qualify as aggravated felonies under § 1326(b)(2).  Because his conviction for unauthorized absence constituting escape does not have as an element the use, attempted use, or threatened use of physical force against a person or property of another, *see* § 16(a), it does not constitute a crime of violence under § 1101(a)(43)(F) or an aggravated felony under § 1326(b)(2).  *See* Nev. Rev. Stat. Ann. § 212.095(1).  Given that the attempted burglary and unauthorized absence convictions do not constitute aggravated felonies, his prior federal conviction for reentry of a removed alien does not constitute an aggravated felony.  *See* § 1101(a)(43)(O).  Therefore, based on a straightforward application of the caselaw, the district court's judgment stating that the conviction was under § 1326(b)(2) is plainly erroneous.  *See Puckett*, 556 U.S. at 135; *Rodriguez-Flores*, 25 F.4th at 390.  A conviction under § 1326(b)(2) carries collateral consequences because it "is itself an aggravated felony, rendering the defendant permanently inadmissible to the United States."  *United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (internal quotation marks, brackets, and citation omitted).  Accordingly, we exercise our discretion to correct the error.  *See Rodriguez-Flores*, 25 F.4th at 390-91.

Next, Alvarez-Alvarado argues § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review.  The Government moves for partial summary affirmance on this issue, and in the alternative, an extension of time to file an appellate brief.

3

No. 22-50853
c/w No. 22-50860

Summary affirmance is proper where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Thus, partial summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, the Government's motion to reform the judgment is DENIED, and its alternative motion to remand the case to reform the judgment is GRANTED. The case is REMANDED to the district court for the limited purpose of reforming the judgment to reflect conviction and sentencing under § 1326(b)(1). Further, the Government's motion for partial summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED. The judgments are otherwise AFFIRMED.